WILLIAM K. GANN, Respondent, v. GENERAL
ACCIDENT FIRE AND LIFE ASSURANCE
COMPANY, Appellant.

### Springfield Court of Appeals, December 5, 1910.

ACCIDENT INSURANCE: Prima Facie Case: Instructions:
Question for Jury. In a suit on an accident insurance policy,
plaintiff sought to recover for the loss of an eye, and for
the loss of time occasioned by reason of a sack of cement
bursting and filling his eye with cement. The evidence and
instructions are examined and *held* that the testimony was
sufficient to raise a prima facie case for plaintiff, that the
instructions properly covered every issue raised by the plead-
ing, and that the verdict of the jury in favor of plaintiff was
binding on the appellate court.

Appeal from Christian Circuit Court.—*Hon. John T.
Moore,* Judge.

AFFIRMED.

*Hays & Hays* for appellant.

The court erred in overruling the demurrer to the
evidence at the close of plaintiff's case. The evidence
of the plaintiff that many times before he claims the
sack busted he had his eyes filled with cement and it did
not affect him, but this one application put his eye out
was sufficient to authorize the court to take the case
from the jury. Warner v. Railroad, 178 Mo. 125; Con-
struction Co. v. Transit Co., 102 Mo. App. 469; Furber
v. Bolt & Nut Co., 185 Mo. 301; Bank v. Railroad, 98
Mo. App. 330.

*G. A. Watson* and *S. J. Salyer* for respondent.

COX, J.—This is an action upon an accident pol-
icy of insurance by which plaintiff seeks to recover
under the terms of the policy for the loss of one eye,

and for loss of time occasioned by reason of a sack of cement bursting and filling his eyes with cement which resulted in causing one eye to become totally blind, and rendered plaintiff unable to perform his usual labor for a considerable length of time. The issues were found for plaintiff and defendant has appealed.

The respondent has filed in this court a motion to dismiss the appeal for failure of the appellant to comply with the rules alleging that copies of appellant's brief were not served in the time required. In resisting such motion, attorney for appellant has filed an affidavit in which an issue of fact is raised, but notwithstanding the filing of this motion we have gone through the printed abstract in this case and have concluded to dispose of the case without passing upon the merits of the motion to dismiss the appeal.

The errors assigned are that the court erred in overruling the demurrer to plaintiff's evidence, and that error was committed in the instructions given to the jury. We have carefully read the testimony which was offered on the part of plaintiff and if that testimony is to be believed there is no question that plaintiff lost his eye as a result of the cement falling in his face and getting in his eye. Neither can there be any question as to his disability to perform his usual labor resulting therefrom, and under the terms of the policy a prima facie case was made in his behalf. The defendant offered testimony tending to show that at the time the policy was issued the plaintiff had made certain statements and warranties in relation to his physical condition and his habits, which it was claimed were false, and contended for that reason plaintiff should not be permitted to recover.

We have examined the instructions given in this case and find that they are free from error and cover every issue raised by the pleadings, and as there was evidence on both sides of the questions involved the verdict of the jury is binding upon us. Finding no error in the record, the judgment will be affirmed. All concur.